IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

CALVIN D. TATUM                                                                    PETITIONER

v.                              NO. 5:17-cv-00027 DPM/PSH

WENDY KELLEY, Director of the                                                      RESPONDENT
Arkansas Department of Correction


FINDINGS AND RECOMMENDATION

INSTRUCTIONS

The following proposed Findings and Recommendation have been sent to United States District Judge D.P. Marshall Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

DISPOSITION

The record reflects that petitioner Calvin D. Tatum ("Tatum") was tried in Monroe County Circuit Court on one count of rape. The prosecution's case-in-chief consisted of testimony from a pediatric nurse and the victim. See Docket Entry 12, Exhibit A, Volume 2 at CM/ECF 41-72. Tatum testified in his own defense and denied the charge. See Id. at CM/ECF 93-101. At the close of the evidence, the jury convicted Tatum and sentenced him to the custody of respondent Wendy Kelley ("Kelley").

Tatum appealed his conviction and raised two claims, one of which involved a challenge to the sufficiency of the evidence.[1] It was his contention that the testimony of the prosecution's two witnesses was not sufficient to support his conviction. With respect to the pediatric nurse's testimony, Tatum maintained that the nurse offered "nothing of any particular probative value with regard to the State's case." See Docket Entry 12, Exhibit B-1 at CM/ECF 4. Tatum maintained that the nurse's testimony was a "wash for both sides." See Id. With respect to the victim's testimony, Tatum recognized that a victim's testimony alone can support a conviction unless the testimony is inherently improbable, physically impossible, or so clearly unbelievable that reasonable minds could not differ. Tatum maintained that the victim's testimony was "inherently untrustworthy" and "allow[ing] [the victim] to testify without corroboration in light of all the lies that he admit[ted] he ha[d] told [put] the jury [at] a serious disadvantage in determining guilt or innocence in this case." See Id. at 10.

---

[1] Tatum also maintained that his right to a speedy trial was violated when he was not tried within one year of his arrest as required by Arkansas Rule of Criminal Procedure 28.1. He does not raise a speedy trial claim in the petition at bar.

2

The Arkansas Court of Appeals found no reversible error and affirmed Tatum's conviction. See Tatum v. State of Arkansas, 2016 Ark.App. 80, 2016 WL 537263 (2016). With respect to his challenge to the sufficiency of the evidence, the court declined to address the claim "due to the lack of specificity in his directed-verdict motions" and supported the finding by citing Arkansas Rule of Criminal Procedure 33.1(c). See Id., 2016 WL 537263, 2. The court observed, though, "if we had reached the merits, we would have held that there was substantial evidence to support the jury's verdict." See Id. The court so observed because "a rape victim's testimony alone may constitute substantial evidence to sustain a conviction." See Id.

Tatum began this case by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. 2254. In his submissions, he maintained that the evidence was not sufficient to support his conviction. He appeared to offer the following three claims in support of his assertion: 1) the victim's testimony was not credible, 2) the victim had difficulty positively identifying Tatum as the perpetrator, and 3) DNA testing was negative.

Kelley thereafter filed a response to Tatum's petition. In the response, Kelley maintained that Tatum is not entitled to relief because his claims are procedurally barred from federal court review and, alternatively, they have no merit.

Before giving serious consideration to Kelley's assertions, the undersigned accorded Tatum an opportunity to file a reply. Tatum was given up to, and including, June 12, 2017, to do so. He filed nothing, and the time for doing so has now passed.

The undersigned has reviewed the parties' pleadings and exhibits, including Tatum's initial petition, his two amended petitions, and an addendum. On the basis of that review, the undersigned finds that his claims warrant no relief.

As a preliminary matter, Tatum's claims are likely procedurally barred from federal court review.[2] His claim that DNA testing was negative was not raised in state court, and his claims challenging the victim's testimony were not addressed on the merits by the state appellate court.[3] There is no indication he can show the requisite cause and prejudice or that he is actually innocent. Rather than definitively determine whether the claims are procedurally barred, the undersigned will simply bypass the issue and address his claims because it is clear they warrant no relief. See Barrett v. Acevedo, 169 F.3d 1155 (8th Cir. 1999) (although procedural bar issue should ordinarily be resolved first, judicial economy sometimes dictates reaching merits if they are easily resolved). As the Court of Appeals observed in Chambers v. Bowersox, 157 F.3d 560, 564 n.4 (8th Cir. 1998), "the simplest way to decide a case is often the best."

---

[2] Generally, a federal court will not consider a claim raised in a habeas corpus petition if the claim was not first fairly presented to the state court in accordance with the state's procedural rules. See Coleman v. Thompson, 501 U.S. 722 (1991); Clemons v. Luebbers, 381 F.3d 744 (8th Cir. 2004). See also Adams v. Hobbs, 2014 WL 5306782 (E.D.Ark. 2014) (Baker, J.). The obligation to "fairly present" the claim requires the petitioner to have presented the same facts and legal theories to the state court that he now presents to the federal court. See Jones v. Jerrison, 20 F.3d 849 (8th Cir. 1994). The claim need not be an exact duplicate at both the state and federal levels, but there must be at least an arguable factual commonality between the claims presented at the state and federal levels. See Vogt v. Pringle, 2017 WL 913612, 6 (D.N.D. 2017), report and recommendation adopted at 2017 WL 908186 (D.N.D. 2017) (citations and internal quotations omitted). The requirement that the claim be presented in accordance with the state's procedural rules focuses upon whether the claim was resolved at the state level on an independent and adequate non-federal ground, a ground that is firmly established and regularly followed. See Johnson v. Lee, 578 U.S. ---, 136 S.Ct. 1802, 195 L.Ed.2d 92 (2016). If the claim was not fairly presented or was resolved on an independent and adequate non-federal ground, a procedural default is deemed to have occurred. The claim cannot be considered by the federal court unless the petitioner can show cause for his procedural default and actual prejudice or, alternatively, that the failure to consider the claim will result in a fundamental miscarriage of justice because he is actually innocent. See Wallace v. Lockhart, 12 F.3d 823 (8th Cir. 1994).

[3] The state appellate court rejected the claims involving the victim's testimony on an independent and adequate non-federal ground, i.e., his motions for directed verdict lacked specificity as required by Arkansas Rule of Criminal Procedure 33.1(c), and the ground appears to be firmly established and regularly followed. The court did, though, make an additional observation. The court observed that "if we had reached the merits, we would have held that there was substantial evidence to support the jury's verdict" because "a rape victim's testimony alone may constitute substantial evidence to sustain a conviction." See Tatum v. State of Arkansas, 2016 WL 537263, 2. Because the undersigned will bypass the procedural bar question and address the merits of Tatum's claims, the consequences of the court's observation need not be addressed.

4

"Constitutionally, sufficient evidence supports a conviction if, 'after viewing the evidence in the light most favorable to the prosecution, <u>any</u> rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" See Garrison v. Burt, 637 F.3d 849, 854 (8th Cir. 2011) (emphasis in original) [quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979). A rape victim's testimony is, "by itself, normally sufficient to sustain a conviction." See Loeblein v. Dormire, 229 F.3d 724, 726 (8th Cir. 2000). See also Fields v. Kelley, 2015 WL 2452331 (E.D.Ark. 2015) (Baker, J.) In reviewing the sufficiency of the evidence, the court is not permitted to conduct its own inquiry into a witness's credibility; "that is a task reserved to the jury." See Robinson v. LaFleur, 225 F.3d 950, 954 (8th Cir. 2000).

Tatum's first two claims involve a challenge to the victim's testimony. Tatum maintains that the victim was not credible because the victim was a compulsive liar and known for making inconsistent statements.[4] Tatum also maintains that the victim had difficulty positively identifying Tatum as the perpetrator.

Applying the law to Tatum's first two claims, they warrant no relief for two reasons. First, the undersigned embraces the state appellate court's observation that the victim offered "specific testimony" about the rape. See Tatum v. State of Arkansas, 2016 WL 537263, 2.[5] The victim was also questioned extensively about his propensity for truthfulness. He acknowledged making conflicting and untruthful statements on

---

[4] Tatum offers few facts to support his claim. Liberally construing his pleadings and incorporating into them several portions of his brief from his direct appeal, Tatum appears to maintain that the victim was not credible because he was involved in an on-going criminal investigation; had difficulty identifying Tatum as the perpetrator; and admitted lying to the authorities about such things as being forced to use and sell illegal drugs, being shot by another person; and his mother's involvement in criminal activity. See Docket Entry 12, Exhibit B-1 at CM/ECF 5-8.

[5] The undersigned will not apply the deferential review standard required by 28 U.S.C. 2254(d) because the state appellate court did not address Tatum's claims on the merits but instead used a conditional or "if" clause.

prior occasions but was steadfast that he was telling the truth about the rape. It was for the jury to determine whether to discount the victim's testimony on account of his prior conflicting and untruthful statements. It is apparent that the jury did not discount the victim's testimony to any significant degree but instead gave his testimony great weight. The undersigned will not second-guess the jury's credibility determination.

Second, it is true that the victim had some difficulty picking Tatum's photograph out of a photographic line-up, but the victim attributed the difficulty to the photographs being "blurry." See Docket Entry 12, Exhibit A, Volume 2 at CM/ECF 61. During the prosecution's case-in-chief, the victim testified that it was Tatum who "put his penis in [the victim's] butt." See Id. at CM/ECF 57.[6] The victim testified that he allowed Tatum to do so because the victim felt "threatened" and had no choice. See Id. The victim was called as a witness during Tatum's defense. The victim again testified that it was Tatum who "stuck his penis in [the victim's] butt" and had no choice but to allow Tatum to do so. See Id. at CM/ECF 81. It was for the jury to determine whether to discount the victim's testimony because of his difficulty picking Tatum's photograph out of a photographic line-up. It is apparent that the jury did not discount the victim's testimony to any significant degree but instead gave the testimony great weight. Again, the undersigned will not second-guess the jury's credibility determination.[7]

---

[6] Tatum was charged with rape in violation of Ark. Code Ann. 5-14-103. A person commits rape if he engages in sexual intercourse or deviate sexual activity with another person by forcible compulsion.

[7] Tatum appears to make an additional assertion regarding the victim's testimony. Tatum appears to maintain that the victim never testified he was raped. The allegation was the basis for Tatum's motion for directed verdict, see Docket Entry 12, Exhibit A, Volume 2 at CM/ECF 74, and was a part of the abstract portion of his brief to the state appellate court, see Docket Entry 5 at CM/ECF 12. He attached that page of his brief to his second amended complaint and appears to incorporate the assertion by reference into the petition at bar. To the extent the assertion is a part of his second amended petition, the assertion is frivolous. The victim testified that Tatum placed his penis in the victim's "butt," and the victim allowed Tatum to do so because the victim felt threatened and had no choice.

Tatum's third claim is that DNA testing was negative. The record is silent as to whether DNA testing was performed, and it is unlikely that it was performed because the rape was not reported to the authorities until well after it occurred. Despite the lack of DNA testing, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. As the undersigned has noted, a rape victim's testimony is, by itself, normally sufficient to sustain a conviction, and the jury could find as it did in this instance.

On the basis of the foregoing, the undersigned finds that Tatum's claims have no merit. It is therefore recommended that his petition be dismissed, all requested relief be denied, and judgment be entered for Kelley. In accordance with Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, a certificate of appealability should also be denied.

DATED this 26th day of June, 2017.

_____
UNITED STATES MAGISTRATE JUDGE